1
2
3
4
5
6
7

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SIXTO SALCIDO, | ) | No. C 04-4232 MMC (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION FOR APPOINTMENT OF** |
| v. | ) | **EXPERT; DENYING PLAINTIFF'S** |
| | ) | **MOTION FOR CONTINUANCE** |
| DAVID ZAREK, M.D.; CHARLES | ) | |
| DUDLEY LEE, M.D.; ROBERT | ) | **(Docket Nos. 35, 36 & 37)** |
| BOWMAN, M.D.; G. LAUBER, SMTA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

        Plaintiff Sixto Salcido, an inmate at Salinas Valley State Prison proceeding pro se,

filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983, alleging he received

inadequate medical care.  After reviewing the complaint, the Court found plaintiff had stated

cognizable claims against defendants for providing him inadequate medical care.

Defendants have filed a motion for summary judgment, and plaintiff has been granted an

extension of time in which to file an opposition.

        Now before the Court is plaintiff's motion for the appointment of an expert pursuant

to Rule 706 of the Federal Rules of Evidence.  Plaintiff notes that defendants' motion

relies in part on the opinion of Dr. Muizelaar, the neurologist who consulted on plaintiff's

case, specifically, Dr. Muizelaar's opinion that plaintiff did not need a second surgery.

Plaintiff argues that he needs an expert appointed in order to "defend against the defendants

Expert Opinion as to plaintiff's need or request for a second surgery."  Rule 706(a) does

not authorize the district court to appoint an expert on plaintiff's behalf;

rather, it permits the appointment of a neutral expert to assist the Court, as in a case where the parties' have "warring experts."  See In re High Fructose Corn Syrup Antitrust Litigation, 295 F.3d 651, 665 (7th Cir. 2002).  The Court itself is not in need of expert assistance in this case at the present time.  Should such a need arise in the future, the Court will order the parties to show cause regarding such appointment sua sponte.

Accordingly, plaintiff's request for appointment of an expert pursuant to Rule 706(a) to assist him in responding to defendants' motion is DENIED.  Plaintiff, of course, is free to oppose defendants' motion, and to challenge Dr. Muizelaar's opinion, by way of discovery, and/or by the opinion of an expert whom plaintiff locates and consults on his own.

Plaintiff's motion to continue the hearing on the motion for summary judgment is DENIED as moot in light of the Court's order vacating the hearing.

This order terminates Docket Nos. 35, 36 and 37.

IT IS SO ORDERED.

DATED: September 19, 2005

MAXINE M. CHESNEY
United States District Judge