IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIXTO SALCIDO,<br><br>    Plaintiff,<br><br>  v.<br><br>DAVID ZAREK, M.D.; CHARLES DUDLEY LEE, M.D.; ROBERT BOWMAN, M.D.; G. LAUBER,<br><br>    Defendants.<br>_____ | No. C 04-4232 MMC (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(Docket No. 58)** |

    Plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983. Thereafter, the Court granted defendants' motions for summary judgment, and denied plaintiff's cross-motion for summary judgment. Plaintiff has filed a motion for reconsideration of the judgment entered against him.

    Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not

adequate grounds for relief. See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Plaintiff does not indicate the provision of Rule 60(b) under which reconsideration is warranted. Plaintiff alleges no new evidence that could not have been discovered with due diligence, no mistake, inadvertence, surprise or excusable neglect, no fraud by the adverse party, and no voiding of the judgment. Plaintiff does not provide any other reason justifying relief. Rather, plaintiff simply challenges the analysis of the Court in its ruling on the summary judgment motions, and reiterates arguments he made previously in connection therewith . Motions for reconsideration are not a substitute for appeal or a means of attacking some perceived error of the court. Id. Moreover, for the reasons explained in the order, none of plaintiff's arguments creates a genuine issue of material fact that defendants were deliberately indifferent to his serious medical needs.

Plaintiff also seeks permission to file an amended complaint alleging a cause of action for negligence. This Court lacks jurisdiction over any such state law claim, and, as explained in the Court's prior order, medical malpractice or negligence will not suffice for purposes of demonstrating an Eighth Amendment violation.

Accordingly, plaintiff's motion for reconsideration is hereby DENIED.

This order terminates Docket No. 58.

IT IS SO ORDERED.

DATED: April 3, 2006

_____
MAXINE M. CHESNEY
United States District Judge